TATE, Justice
(dissenting).
I respectfully dissent. I do so with great regret, because such reversal .will result' only from the prosecution’s unnecessary insistence upon introducing in evidence a statement of the accused taken in- direct violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The facts show that the accused was arrested at 6 p. m., shortly after he had shot the decedent during drunken horseplay. When advised of his rights, the accused stated that he wished to consult his attorney before reaching a decision about making a statement to the police.
The police then placed the accused in.a lock-up cell for three to five hours. About 11 p. m., an investigator from the district attorney’s office and a policeman returned to ask the accused if he wished to make a statement. ■
They did not then re-advise him of his right to remain silent, after his having been held incommunicado for three-five hours,' *543 alone in a cell four feet by four feet without a.chair to sit on. They did not ask him-then again if he wished to talk to his attorney before making a statement, in accordance with his previous request to the police officers.
This is the very form of subtle compulsion decried by Miranda, which stated: “Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege [against self incrimination and in favor of right to counsel] has been once invoked. '.If the individual states that he wants an attorney, the interrogation must cease until an attorney is present." 384 U.S. 474, 86 S.Ct. 1628. See also 384 U.S, 444-445, 86 S.Ct. 1602.
Even before Miranda, the Supreme Court had held that custodial interrogation in the absence of counsel, in the face of a request for the presence of counsel, amounted to a denial of constitutional right to effective counsel. Spano v. New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959).
For - these reasons, I must respectfully dissent.